**DUPLICATE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES DUNN, A/K/A SILK;<br>ROYCE COBB, A/K/A RAPP;<br>IGNACIO GUDINO-AMEZCUA;<br>ADAN MACEDO-RIOS;<br>█████████████████████;<br>DARRIUS ELLIOTT, A/K/A DEAS;<br>BRITTNEY HICKS;<br>TYSHAUN MOBLEY;<br>AFIBA SMALL, A/K/A FEEBS;<br>MARQUIS SMITH;<br>STEPHEN ALLEN; AND<br>BRANDON HALL | Criminal Indictment<br><br>No. 1:23-CR-229<br><br>**Under Seal**<br><br>FILED IN OPEN COURT<br>U.S.D.C. - Atlanta<br><br>JUN 27 2023<br><br>KEVIN P. ███<br>By: ███ |

THE GRAND JURY CHARGES THAT:

**Count One**
(Conspiracy to Possess with Intent to Distribute Controlled Substances)
(21 U.S.C. § 846)

Beginning on a date unknown, but at least as of in or about September 2022, and continuing until on or about the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants,

CHARLES DUNN, A/K/A SILK;
ROYCE COBB, A/K/A RAPP;
IGNACIO GUDINO-AMEZCUA;
ADAN MACEDO-RIOS;
█████████████████████;

DARRIUS ELLIOTT, A/K/A DEAS;
BRITTNEY HICKS;
TYSHAUN MOBLEY;
AFIBA SMALL, A/K/A FEEBS;
MARQUIS SMITH; AND
STEPHEN ALLEN,

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with intent to distribute a controlled substance, said conspiracy involving:

- at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), as to defendants CHARLES DUNN, A/K/A SILK; ROYCE COBB, A/K/A RAPP; IGNACIO GUDINO-AMEZCUA; ADAN MACEDO-RIOS; AND ███████████████;

- at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), as to defendants DARRIUS ELLIOTT, A/K/A DEAS; BRITTNEY HICKS; TYSHAUN MOBLEY; AFIBA SMALL, A/K/A FEEBS; AND MARQUIS SMITH; and

- a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(C), as to defendant STEPHEN ALLEN;

all in violation of Title 21, United States Code, Section 846.

## Count Two
### (Conspiracy to Commit Hobbs Act Robbery)
### (18 U.S.C. § 1951(a))

Beginning on a date unknown, but at least as of on or about February 26, 2023, and continuing until on or about March 11, 2023, in the Northern District of Georgia, the defendants,

> CHARLES DUNN, A/K/A SILK;
> ADAN MACEDO-RIOS;
> AFIBA SMALL, A/K/A FEEBS;
> BRITTNEY HICKS; AND
> BRANDON HALL,

did willfully and unlawfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to obstruct, delay, and affect commerce by means of robbery, as that term is defined in Title 18, United States Code, Section 1951, by knowingly and unlawfully taking and obtaining property, said property consisting of controlled substances and United States currency, from the person of and presence of J.C., against his will, by means of actual and threatened force, violence, and fear of injury to his person, property, and property in his custody and possession, all in violation of Title 18, United States Code, Section 1951(a).

## Prior Conviction Notice

Before the defendant, CHARLES DUNN, A/K/A SILK, committed the offense charged in Count One of this Indictment, CHARLES DUNN, A/K/A SILK was convicted of:

(a) conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and the distribution of controlled substances, in violation of Title 21, United States Code, Section 841, and engaging in a continuing criminal enterprise, in violation of Title 21, United States Code, Section 848, on or about September 4, 1992, in the United States District Court for the Southern District of Ohio, serious drug felonies, for which he served more than 12 months of imprisonment and was released from any term of imprisonment within 15 years of the commencement of the instant offense, and

(b) use of firearms during and in relation to drug trafficking crimes, in violation of Title 18, United States Code, Section 924(c), on or about September 4, 1992, in the United States District Court for the Southern District of Ohio, a serious violent felony, for which he served more than 12 months of imprisonment.

Before the defendant, ROYCE COBB, A/K/A RAPP, committed the offense charged in Count One of this Indictment, ROYCE COBB, A/K/A RAPP, was convicted of trafficking cocaine and marijuana, on or about January 30, 2022, in the Superior Court of Fulton County, Georgia, a serious drug felony, for which he served more than 12 months of imprisonment and was released from any term of imprisonment within 15 years of the commencement of the instant offense.

Before the defendant, DARRIUS ELLIOTT, A/K/A DEAS, committed the offense charged in Count One of this Indictment, DARRIUS ELLIOTT, A/K/A DEAS was convicted of conspiracy to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846, on or about May 14, 2012, in the United States District Court for the Northern District of Alabama, a serious drug felony, for which he served more than 12 months of imprisonment and was released from any term of imprisonment within 15 years of the commencement of the instant offense.

## Forfeiture

Upon conviction of the offense alleged in Count One of this Indictment, the defendants,

> CHARLES DUNN, A/K/A SILK;
> ROYCE COBB, A/K/A RAPP;
> IGNACIO GUDINO-AMEZCUA;
> ADAN MACEDO-RIOS;
> ██████████████████████████;
> DARRIUS ELLIOTT, A/K/A DEAS;
> BRITTNEY HICKS;
> TYSHAUN MOBLEY;
> AFIBA SMALL, A/K/A FEEBS;
> MARQUIS SMITH; AND
> STEPHEN ALLEN,

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation and any property

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation, including but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, alleged in Count One of this Indictment;

(b) $55,545.00 in United States currency seized on or about April 11, 2023;

(c) $239,874.00 in United States currency seized on or about April 27, 2023;

(d) .45 Smith & Wesson M2.0 firearm with serial number NLK62313;

(e) 357 Smith & Wesson Magnum firearm with serial number AEE3671;

(f) .32 Cobra C32 firearm with serial number 104587;

(g) $80,884.10 in funds maintained at Wells Fargo bank, account number xx9366, held in the name of Ignacio G. Amezcua; and

(h) $7,069.56 in funds maintained at Wells Fargo bank, account number xx8190, held in the name of Gudino Construction LLC.;

Upon conviction of the offense alleged in Count Two of this Indictment, the defendants,

CHARLES DUNN, A/K/A SILK;
ADAN MACEDO-RIOS;
AFIBA SMALL, A/K/A FEEBS;
BRITTNEY HICKS; AND
BRANDON HALL,

6

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, constituting or derived from proceeds traceable to said violation, including but not limited to, the following:

 (a) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, alleged in Count Two of this Indictment.

If, any of the property described above, as a result of any act or omission of the defendants:

 (a) cannot be located upon the exercise of due diligence;
 (b) has been transferred or sold to, or deposited with, a third party;
 (c) has been placed beyond the jurisdiction of the court;
 (d) has been substantially diminished in value; or
 (e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

A _____True_____ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

*John T. DeGenova*
JOHN T. DEGENOVA
*Assistant United States Attorney*
Georgia Bar No. 940689

*Rebeca M. Ojeda*
REBECA M. OJEDA
*Assistant United States Attorney*
Georgia Bar No. 713997

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

8